Peter J. Gimino III (SBN 198926)
pgimino@giminolaw.com
The Gimino Law Office, APC
18101 Von Karman Ave., Suite 300
Irvine, CA 92612
Telephone: (949) 225-4446
Facsimile: (949) 225-4447

[Additional counsel appearing on signature page]

**Attorneys for Plaintiff Parker and the Class**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JESSE PARKER individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| ANSWER FINANCIAL, Inc., a California corporation, | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Jesse Parker ("Parker" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Answer Financial, Inc. ("Answer" or "Defendant") to stop its practice of making unsolicited telemarketing calls to the phones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1        1.     Defendant Answer Financial is an agent for insurance companies. It does not

2    sell or otherwise offer insurance coverage, but instead offers consumers insurance quoting and

3    purchasing over the telephone and enabling them to compare coverage from multiple

4    insurance carriers.

5        2.     Unfortunately for consumers, Answer casts its marketing net too wide. That is,

6    in an attempt to generate leads for its insurance quoting service, Defendant Answer conducted

7    (and continues to conduct) a wide scale telemarketing campaign that repeatedly makes

8    unsolicited calls to consumers' telephones—including cellular telephones and numbers that

9    appear on the National Do Not Call Registry—without consent, all in violation of the

10   Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

11       3.     By making the telephone calls at issue in this Complaint, Answer caused

12   Plaintiff and the members of the Classes actual harm and cognizable legal injury. This

13   includes the aggravation and nuisance and invasions of privacy that result from the receipt of

14   such calls, in addition to a loss of value realized for the monies consumers paid to their

15   wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's

16   and the other Class members' use and enjoyment of their cellphones, including the related

17   data, software, and hardware components.

18       4.     The TCPA was enacted to protect consumers from unsolicited telephone calls

19   like those alleged in this case. In response to Answer's unlawful conduct, Plaintiff files the

20   instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone

21   calling activities to consumers as complained of herein and an award of statutory damages to

22   the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

23                                        **PARTIES**

24       5.     Plaintiff Jesse Parker is a natural person and citizen of the State of Alabama.

25       6.     Defendant Answer is a corporation organized under the laws of the State of

26   California with its headquarters located at 15910 Ventura Blvd., 6th Floor, Encino, CA 91436.

27

28

---

CLASS ACTION COMPLAINT

-2-

7.     Defendant conducts business throughout this District, the State of California, and the United States.

## JURISDICTION AND VENUE

8.     This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, which is a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.* because the classes each consist of over 100 people, at least one member of each class is from a State other than California, (the state of Defendant Answer), and the amount in controversy exceeds $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

9.     The Court has personal jurisdiction over Defendant because it solicits significant consumer business in this District and is headquartered in this District.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

11.     Defendant Answer is an agent for insurance companies that offers consumers insurance quoting and purchasing over the telephone and enables consumers to compare coverage and quotes from multiple insurance carriers.

12.     Unfortunately for consumers, Defendant Answer, and/or its agents, utilized (and continues to utilize) a sophisticated telephone dialing system to call cellular telephone users *en masse* for the purpose of promoting its services, often times calling consumers on their cellular phones.

13.     In Defendant's overzealous marketing attempts, they caused to be placed (and continue to be placed) phone calls to consumers that never provided consent to be called and

1 to consumers' cellphones with whom it had no prior dealings or relationship. Worse yet,

2 Defendant placed (or caused to be placed), repeated and unwanted calls to consumers whose

3 phone numbers are listed on the National Do Not Call Registry. Consumers place their phone

4 numbers on the Do Not Call Registry for the express purpose of avoiding unwanted

5 telemarketing calls like those alleged here.

6       14.     Answer has failed to appropriately segment its call list between landline and

7 cell phone numbers and has made unsolicited calls to cell phone numbers with its auto-dialer,

8 which is expressly prohibited by the Telephone Consumer Protection Act (TCPA).

9       15.     Answer, or its agents acting on its behalf, used (and continues to use) a variety

10 of local phone numbers to make these unlawful sales calls to consumers.

11       16.     In making the phone calls at issue in this Complaint, Defendant and/or its agent

12 utilized an automatic telephone dialing system. Specifically, the hardware and software used

13 by Defendant (or its agents) has the capacity to store, produce, and dial random or sequential

14 numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en*

15 *masse*, in an automated fashion without human intervention. Defendant's automated dialing

16 equipment includes features substantially similar to a predictive dialer, inasmuch as it is

17 capable of making numerous calls simultaneously (all without human intervention).

18       17.     Not surprisingly, these practices have led to significant complaints from

19 consumers. For example:

20
21      •  "Why don't you ppl answer the phone so I don't have to. How am I
   supposed to know who called when you ppl wont tell me BC you didn't
22         answer!!!! Ahhhhh" (http://800notes.com/Phone.aspx/1-407-476-
   0718)

23
24      •  "Its a damn car insurance company" (http://800notes.com/Phone.aspx/1-
   407-476-0718)

25      •  "stop calling your wasting your time and your dime i wont answer it
   and u wont get a dime from me either"
26         (http://800notes.com/Phone.aspx/1-407-476-0718/2)

27

28

- "They say US Auto Care. After answering the phone, it rings and a person with a heavy middle eastern accent answers. After repeatedly telling them not interested and they hang up just to call again another day from another number. They also call from a number in Nevada, Pennsylvania, North Carolina, Florida and Oklahoma. Relentless!" (http://800notes.com/Phone.aspx/1-407-476-0718/2)

- "Called on my cell, didn't answer, no message." (http://800notes.com/Phone.aspx/1-407-476-0718)

18.     Defendant knowingly made (and continue to make) telemarketing calls without the prior express consent of the call recipients and knowingly continue to call such consumers after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class but also intentionally and repeatedly violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF PARKER

19.     On December 2, 2004, Plaintiff Parker registered his cellular phone number on the national do not call registry to avoid receiving unsolicited telemarketing calls on his cellular phone.

20.     Starting in or around January 25, 2015, Plaintiff Parker began receiving calls on his cellular telephone from the phone number 407-476-0718.

21.     Each time when Parker answered the caller either said nothing or hung up.

22.     Over the course of several days, Plaintiff received at least ten calls from this number.

23.     Plaintiff managed to speak to a live operator one time during this period. The live operator stated that s/he could lower Parker's insurance rate.

24.     On at least one occasion, in an effort to stop the calls, Parker called the number and reached an automated recording which said to press "#" if you wish for your number to be removed from the caller's call list.

25.     Parker did as the recording requested, but the calls continued.

26.     On information and belief, Defendant Answer's telemarketers were calling him in an attempt to pitch him insurance quote services.

1    27.    Plaintiff does not have a relationship with Answer, has never provided his

2    telephone number directly to Defendant and never requested that Defendant place calls to him

3    or offer him its services. Simply put, Plaintiff has never provided any form of prior express

4    written consent to Defendant to place calls to him and has no business relationship with the

5    Defendant.

6    28.    Defendant is and were aware that the above-described telephone calls were and

7    are being made to consumers like Plaintiff who had not consented to receive them and whose

8    telephone numbers were registered with the National Do Not Call Registry.

9    **CLASS ALLEGATIONS**

10    29.    **Class Allegations**: Plaintiff Parker brings this action pursuant to Federal Rule

11    of Civil Procedure 23(a), (b)(2), and (b)(3) on behalf of himself and two classes defined as

12    follows:

13
14
15
**Autodialed No Consent Class**: All persons in the United States who from August 3, 2012 to the present: (1) received calls from or on behalf of Defendant Answer; (2) on the person's cellular telephone number; (3) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claim it obtained prior express consent to call the Plaintiff.

16
17
18
19
**Do Not Call Registry Class**: All persons in the United States who (1) received calls from or on behalf of Defendant Answer more than one time on his/her cellphone; (2) within any 12-month period from June 30, 2012 to the present, (3) where the cellphone number had been listed on the National Do Not Call Registry for at least 30 days; (4) for the purpose of soliciting products or services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

20
21    The following people are excluded from the Classes: (1) any Judge or Magistrate presiding

22    over this action and members of their families; (2) Defendant, Defendant's subsidiaries,

23    parents, successors, predecessors, and any entity in which the Defendant or its parents have a

24    controlling interest and its current or former employees, officers and directors; (3) persons

25    who properly execute and file a timely request for exclusion from the Class; (4) persons

26    whose claims in this matter have been finally adjudicated on the merits or otherwise released;

27    (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors,

28

CLASS ACTION COMPLAINT
-6-

1    and assigns of any such excluded persons. Plaintiff anticipates the need to amend the class

2    definitions following discovery related to such issues.

3        30.    **Numerosity**: The exact sizes of each of the Classes are unknown and are not

4    available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On

5    information and belief, Defendant or agents on its behalf made telephone calls to thousands of

6    consumers who fall into the definition of the Classes. Members of the Classes can be easily

7    identified through Defendant's records.

8        31.    **Commonality and Predominance**: There are many questions of law and fact

9    common to the claims of the Plaintiff and the Classes, and those questions are central to the

10   case and predominate over any questions that Defendant may claim affect individual members

11   of the Classes. Common questions for the Classes include, but are not necessarily limited to

12   the following:

13       (a)    Whether Defendant's conduct knowingly and willfully violated the

14              TCPA;

15       (b)    Whether Defendant systematically made telephone calls to individuals

16              who did not previously provide Defendant and/or its agents with their

17              prior express consent to receive such phone calls;

18       (c)    Whether Defendant or agents on its behalf made the calls with the use

19              of an ATDS;

20       (d)    Whether Defendant or agents on its behalf systematically made

21              telephone calls to consumers whose telephone numbers were registered

22              with the National Do Not Call Registry; and

23       (e)    Whether members of the Classes are entitled to treble damages based

24              on the willfulness of Defendant's conduct.

25       32.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of

26   the Classes. Plaintiff and the Classes sustained damages as a result of Defendant's uniform

27

28

1    wrongful conduct during transactions with Plaintiff and the Classes.

2         33.    **Adequate Representation**: Plaintiff will fairly and adequately represent and

3    protect the interests of the Classes and has retained counsel competent and experienced in

4    complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and

5    Defendant has no defenses unique to Plaintiff.

6         34.    **Policies Generally Applicable to the Classes**: This class action is appropriate

7    for certification under Rule 23(b)(2) because Defendant has acted or refused to act on grounds

8    generally applicable to the Classes as respective wholes, thereby requiring the Court's

9    imposition of uniform relief to ensure compatible standards of conduct toward the Class

10   members and making final injunctive relief appropriate with respect to the Classes.

11   Defendant's practices challenged herein apply to and affect the Class members uniformly, and

12   Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the

13   Classes as respective wholes, not on facts or law applicable only to Plaintiff.

14        35.    **Superiority and Manageability**: This case is also appropriate for class

15   certification because class proceedings are superior to all other available methods for the fair

16   and efficient adjudication of this controversy given that joinder of all parties is impracticable.

17   The damages suffered by the individual members of the Classes will likely be relatively small,

18   especially given the burden and expense of individual prosecution of the complex litigation

19   necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual

20   members of the Classes to obtain effective relief from Defendant's misconduct. Even if

21   members of the Classes could sustain such individual litigation, it would still not be preferable

22   to a class action, because individual litigation would increase the delay and expense to all

23   parties due to the complex legal and factual controversies presented in this Complaint. By

24   contrast, a class action presents far fewer management difficulties and provides the benefits of

25   single adjudication, economy of scale, and comprehensive supervision by a single court.

26   Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

27

28

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227 *et seq.*
**(On behalf of the Plaintiff and the Autodialed No Consent Class)**

36.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37.     Defendant and/or agents on its behalf negligently made or caused to be made unsolicited and unwanted telemarketing calls to telephone numbers belonging to the Plaintiff and the other members of the Autodialed No Consent Class—without their prior express written or oral consent—in an effort to sell Answer's and/or its clients' products and services.

38.     Defendant or its agents made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*.

39.     Defendant or its agents utilized equipment that made the telephone calls to the Plaintiff and other members of the Class simultaneously and without human intervention.

40.     By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant, or its agents on its behalf, negligently violated 47 U.S.C. § 227(b)(1)(A)(iii).

41.     As a result of Defendant's unlawful conduct, Plaintiffs and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and a reduction in their allotment of minutes and, under Section 227(b)(3)(B), are each entitled to, among other relief, $500 in damages for each such violation of the TCPA.

## SECOND CAUSE OF ACTION
### Knowing and Willful Violation of 47 U.S.C. § 227
**(On behalf of the Plaintiff and the Autodialed No Consent Class)**

42.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43.     Defendant knowingly and willfully made or caused to be made unsolicited and unwanted telemarketing calls to telephone numbers belonging to the Plaintiff and the other

members of the Autodialed No Consent Class—without their prior express written or oral consent—in an effort to sell its products and services.

44.     Defendant or its agents made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse.*

45.     Defendant or its agents utilized equipment that made the telephone calls to the Plaintiffs and other members of the Class simultaneously and without human intervention.

46.     By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing an ATDS, Defendant, or its agents on its behalf, knowingly and willfully violated 47 U.S.C. § 227(b)(1)(A)(iii).

47.     As a result of Defendant's unlawful conduct, Plaintiff and the members of the Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and a reduction in their allotment of minutes and, under Section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500 in damages for each such violation of the TCPA.

48.     Because the Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiffs and the other members of the Class.

### THIRD CAUSE OF ACTION
#### Violation of 47 U.S.C. § 227 *et seq.*
#### (On behalf of the Plaintiff and Do Not Call Registry Class)

49.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50.     47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers'

1  privacy rights to avoid receiving telephone solicitations to which they object.

2        51.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that

3  "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone

4  subscriber who has registered his or her telephone number on the national do-not-call registry

5  of persons who do not wish to receive telephone solicitations that is maintained by the federal

6  government."

7        52.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to

8  any person or entity making telephone solicitations or telemarketing calls to wireless

9  telephone numbers to the extent described in the Commission's Report and Order, CG Docket

10  No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer

11  Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone
> solicitations to residential telephone subscribers must comply with time of day
> restrictions and must institute procedures for maintaining do-not-call lists. For
> the reasons described above, we conclude that these rules apply to calls made
> to wireless telephone numbers. We believe that wireless subscribers should be
> afforded the same protections as wireline subscribers.

      53.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate

any call for telemarketing purposes to a residential telephone subscriber unless such person or

entity has instituted procedures for maintaining a list of persons who request not to receive

telemarketing calls made by or on behalf of that person or entity. The procedures instituted

must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes
> must have a written policy, available upon demand, for maintaining a do-not-
> call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any
> aspect of telemarketing must be informed and trained in the existence and use
> of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making
> a call for telemarketing purposes (or on whose behalf such a call is made)
> receives a request from a residential telephone subscriber not to receive calls
> from that person or entity, the person or entity must record the request and
> place the subscriber's name, if provided, and telephone number on the do-not-

call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

54. Defendant and/or its agents violated § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in § 64.1200(d)(3).

55. Defendant and/or its agents made more than one unsolicited telephone call to Plaintiff and members of the Do Not Call Registry class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Do Not Call Registry class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

56. Defendant violated § 64.1200(d) by initiating or causing to be initiated calls for telemarketing purposes to wireless telephone subscribers, such as the Plaintiff and the Do Not

1  Call Registry class, without instituting procedures that comply with the regulatory minimum

2  standards for maintaining a list of persons who request not to receive telemarketing calls from

3  them. Specifically, Defendant failed to have a written policy, available upon demand, for

4  maintaining a do-not-call list, and to ensure that personnel engaged in any aspect of

5  telemarketing are informed and trained in the existence and use of the do-not-call list.

6       57.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call

7  Registry class received more than one telephone call in a 12-month period made by or on

8  behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of

9  Defendant's negligent conduct as alleged herein, Plaintiff and the Do Not Call Registry class

10  suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to

11  receive up to $500 in damages for such violations of § 64.1200.

12  **FOURTH CAUSE OF ACTION**
**Knowing and Willful Violation of 47 U.S.C. § 227 *et seq.***
13  **(On behalf of the Plaintiff and Do Not Call Registry Class)**

14       58.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

15       59.    47 U.S.C. § 227(c) provides that any "person who has received more than one

16  telephone call within any 12-month period by or on behalf of the same entity in violation of

17  the regulations prescribed under this subsection may" bring a private action based on a

18  violation of said regulations, which were promulgated to protect telephone subscribers'

19  privacy rights to avoid receiving telephone solicitations to which they object.

20       60.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that

21  "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone

22  subscriber who has registered his or her telephone number on the national do-not-call registry

23  of persons who do not wish to receive telephone solicitations that is maintained by the federal

24  government."

25       61.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to

26  any person or entity making telephone solicitations or telemarketing calls to wireless

27

28
CLASS ACTION COMPLAINT
-13-

telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

62.      47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall

apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

63.     Defendant and/or its agents knowingly and willfully violated § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless telephone subscribers such as Plaintiff and the Do Not Call Registry class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in § 64.1200(d)(3).

64.     Defendant and/or its agents made more than one unsolicited telephone call to Plaintiff and members of the Do Not Call Registry class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Do Not Call Registry class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a current record of consent to place telemarketing calls to them.

65.     Defendant knowingly and willfully violated § 64.1200(d) by initiating or causing to be initiated calls for telemarketing purposes to wireless telephone subscribers, such as the Plaintiff and the Do Not Call Registry class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them. Specifically, Defendant failed to have a written policy, available upon demand, for maintaining a do-not-call list, and to ensure that personnel engaged in any aspect of telemarketing are informed and trained in the existence and use of the do-not-call list.

66.     Defendant knowingly and willfully violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry class received more than one telephone call in a 12-

1  month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as

2  described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do

3  Not Call Registry class suffered actual damages and, under section 47 U.S.C. § 227(c), are

4  each entitled, *inter alia*, to receive up to $500 in damages for such violations of § 64.1200.

5       67.    Because Defendant's misconduct was willful and knowing, the Court should,

6  pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the

7  members of the Do Not Call Registry class.

## PRAYER FOR RELIEF

9       **WHEREFORE**, Plaintiff Jesse Parker, individually and on behalf of the Classes,

10  prays for the following relief:

11       1.    An order certifying the Classes as defined above, appointing Plaintiff Jesse

12  Parker as the representative of the Classes and appointing his counsel as Class Counsel;

13       2.    An award of actual and statutory damages;

14       3.    An injunction requiring Defendant and its agents to cease all unsolicited

15  telephone calling activities, and otherwise protecting the interests of the Classes;

16       4.    A declaration that Defendant failed to obtain prior express consent and that

17  Defendant used an ATDS to make the calls at issue in this case;

18       5.    An award of reasonable attorneys' fees and costs; and

19       6.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

21       Plaintiffs request a trial by jury of all claims that can be so tried.

22                 Respectfully Submitted,

23                 **JESSE PARKER,** individually and on behalf of all
               others similarly situated,

24  Dated: August 3, 2016

25                 By: /s/ Peter J. Gimino

26                 Peter J. Gimino III
27                 pgimino@giminolaw.com

28

1

2

3

The Gimino Law Office, APC
18101 Von Karman Ave., Suite 300
Irvine, CA 92612
Telephone: (949) 225-4446
Facsimile: (949) 225-4447

4

5

6

7

8

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 E Mexico Avenue, Suite 300
Denver, Colorado 80210
Tel: 720-213-0675

9

10

11

12

Stefan Coleman*
law@stefancoleman.com
Law Offices of Stefan Coleman, LLC
201 S Biscayne Blvd., 28th Floor
Miami, FL 33131
Tel: 877-333-9427
Fax: 888-498-8946

13

14

*Pro Hac Vice Application to Be Filed

Attorneys for Plaintiff and the Class

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT
-17-